IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
2005 SEP 29 PM 4:33
CLERK
WESTERN ... COURT
... OF TEXAS
BY __

| | |
|---|---|
| STEPHEN N. LISSON, § | |
| § | |
| *Plaintiff* § | |
| § | |
| vs. § | Civil No. **A05CA852 LY** |
| § | |
| ING GROEP N.V., aka ING GROUP § | |
| § | |
| *Defendant* § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff, to file his Original Complaint against Defendant, and in support thereof he respectfully shows this Court as follows:

### A. Parties

1. Plaintiff, Stephen N. Lisson ("Plaintiff"), an individual, is a citizen of the State of Texas. Plaintiff operates the internet website *InsiderVC.com*, a medium for interstate commerce and communication.

2. Defendant, ING Groep N.V., *a/k/a* ING Group ("ING" or "Defendant"), may be served by and through either CT Corporation and/or Andrew Druch, Patrick Murphy or any other authorized representative, officer, agent, or vice president at: 1325 Avenue of the Americas, New York, NY 10019.

### B. Jurisdiction

3. The Court has jurisdiction over this lawsuit because federal courts have exclusive jurisdiction over cases arising under copyright law. 28 U.S.C. § 1338(a).

4. The Court has jurisdiction over this lawsuit under because the action arises under the Computer Fraud and Abuse Act. Because the CFAA provides for a Federal cause of action, there is automatic Federal jurisdiction.

5. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims against Defendant because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. The Court has jurisdiction over Defendant because it has purposefully availed itself of the privileges and benefits of conducting business in Texas, and these matters arise from its interactions with this forum.

7. The Court has general jurisdiction over Defendant because jurisdictional discovery will show that it does business in, has continuous and systematic contacts with, and cannot be surprised that it is being held accountable in, this state.

8. The Court has specific jurisdiction over Defendant because disputes arising from the contents of a website are subject to the jurisdiction of the complaining party's forum state in the absence of an agreement to the contrary.

9. The Court has jurisdiction over Defendant because Plaintiff's complaint alleges that Defendant committed intentional torts, such as copyright infringement, against Plaintiff, a forum resident. As such, Defendant's intentional and allegedly tortious actions were expressly aimed at Texas.

### C. Conditions Precedent

10. All conditions precedent have been performed or have occurred.

### D. Facts

11. Defendant is traded on the New York Stock Exchange under the ticker symbol "ING" (NYSE: ING).

12. ING fully owns, has management control over, and at least 100 employees at, its ING Direct Spain (Internet Protocol, or "I.P.", address 193.41.234.229) business unit.

13. ING's principal U.S. Office is ING Financial Holdings Corporation in New York.

14. Andrew Druch ("Druch") is ING's authorized representative in the United States.

15. On September 25 of 2002, Plaintiff asked Defendant to cease manually attacking the *InsiderVC.com* website.

16. Defendant had repeatedly, *inter alia*, entered fraudulent usernames and passwords on Plaintiff's subscribers-only network login when accessing or attempting to access protected areas of Plaintiff's website.

17. From all its harassing and annoying solicitations over the years (both before and after purportedly "terminat[ing further] access", *infra*), Defendant already knew that the only way to access password-protected information is via paid subscription.

18. On September 27th, Druch sent a letter purporting that "ING Group and its subsidiary companies ... has made reasonable efforts to terminate access

Original Complaint                                3

through its internal technology systems to the *InsiderVC.com* website".

19. Defendant knew it had incurred criminal and civil liability by obtaining or trying to obtain information furnished only to paying subscribers.

20. But Defendant did not "terminate access". Instead, it was performing *Google* searches for Plaintiff's name.

21. Three days later, on September 30th, Defendant launched an automated attack on Plaintiff's website.

22. Defendant bombarded Plaintiff's website with thousands of unsolicited bulk programmatic "hits", including 2,385 from the I.P. address 193.41.234.229.

23. The purpose -- behind a program generating such a high frequency, size, and volume of spurious traffic -- is to impede or totally disable the targeted website.

24. Defendant attempted to breach or actually breached the security of Plaintiff's computers, network and the service itself.

25. Then, Defendant returned to Plaintiff's website and manually attempted unauthorized access yet again, hoping its automated attacks had disabled Plaintiff's password protection.

26. Defendant knew it had neither Plaintiff's authorization nor his effective consent for impairing, hacking into, or testing the vulnerability of, his website.

27. Defendant had neither Plaintiff's authorization nor his effective

consent for accessing, attempting to access, or copying files which did not belong to Defendant and to which Defendant knew it had no right of access, copying, or lawful use.

28. Defendant's accesses and attacks continued despite repeated warnings to cease and desist. For example:

> **You are not authorized to view this page** (emphasis in original).
>
> You do not have permission to view this directory or page using the credentials you supplied.

29. Defendant's accesses and attacks excessively taxed Plaintiff's property and resources, limited the bandwidth available to others, and interfered, interrupted, degraded or denied service to authorized users.

30. Defendant refused to cooperate in a damages assessment.

### E. Causes of Action

31. Based upon Defendant's behavior outlined above, Plaintiff asserts at least four causes of action against Defendant.

32. Count I: Copyright Infringement. 17 U.S.C. § 101 *et seq.* Defendant's unauthorized electronic transmission of copyrighted text, from the memory of one computer into the memory of another, created an infringing copy under the Copyright Act.

33. Count II: violations of the Digital Millennium Copyright Act (DMCA). 17 U.S.C. § 1201 *et seq.* Defendant's attacks were designed to circumvent Plaintiff's password protection without his authorization.

34. Count III: violations of the Computer Fraud and Abuse Act. 18 U.S.C. 1030 *et seq*. Defendant repeatedly accessed Plaintiff's website, and the subscribers-only network login, without authorization, exceeded authorization, and caused or intended to cause at least $5,000 damage.

35. Count IV: the tort of Trespass, including cyberspace trespass to chattels (which marries the doctrines of trespass to land and trespass to chattels). Defendant violated Plaintiff's system and network security, and made unauthorized accesses to or use of Plaintiff's data and computers.

## F. Damages

36. As a direct and proximate result of Defendant's conduct, Plaintiff suffered injuries and loss, and seeks damages of at least $75,000.

## Prayer

FOR THESE REASONS, Plaintiff asks for judgment against Defendant for damages, prejudgment and postjudgment interest, costs of suit, and all other relief the court deems appropriate.

Respectfully submitted,

STEPHEN N. LISSON, *Pro Se*
815-A Brazos Street
Suite 1000
Post Office Box 2013
Austin, Texas 78768-2013
512.473.7110 (telephone)
512.473.7120 (telecopier)